CULHANE, Respondent, v. WATERHOUSE, Appellant.

(215 N. W. 885.)

(File No. 6305.   Opinion filed November 14, 1927.)

**Highways—Evidence of Contributory Negligence of Pedestrian, Struck by Automobile, Held to Require Directed Verdict for Defendant.**

In action for injuries sustained by person standing at side of highway when struck by automobile, evidence of plaintiff's contributory negligence held to render refusal to direct verdict for defendant automobilist error.

Note.—See, Headnote (1), American Key-Numbered Digest, Highways, Key-No. 184(3), Motor vehicles, 42 C. J. Sec. 1121.

Appeal from Circuit Court, Brookings County; Hon. W. W. Knight, Judge.

Action by Wilhelmina Culhane against J. T. Waterhouse. From a judgment for plaintiff, defendant appeals. Reversed.

*P. B. Harding,* of Elkton, for Appellant.

*E. A. Berke* and *Cheever, Collins & Cheever,* all of Brookings, for Respondent.

POLLEY, J.   This action was brought for the recovery of damages claimed to have been caused by the negligent driving of an automobile by the defendant. Verdict and judgment for plaintiff, and defendant appeals.

The case was tried to a jury. When the plaintiff rested, defendant moved for a directed verdict on the grounds, first, that the evidence failed to show any negligence on the part of the defendant, but affirmatively shows that defendant was acting with reasonable care and prudence at the time of the injury; and, second, upon the ground that the evidence on behalf of plaintiff affirmatively shows that the plaintiff was guilty of contributory negligence. This motion should have been granted.

At the time of the injury plaintiff was living on a farm 5½ miles west of Elkton. The house in which she lived is on the south side of the Black and Yellow trail, and at that point the trail runs east and west. The roadway is graveled for a width of 24 feet. On the south side of the roadway is a ditch which from the shoulder of the road is 16 feet wide, and the bottom of the ditch is 18 to 22 inches lower than the top of the road. Near the road in front of the house is a gate designated by plaintiff as the "small gate." About 100 feet west of the small gate was another gate designated as the "barn gate." On the night of October 15, 1924, John Culhane, a brother of plaintiff's husband, drove along the trail from the east in an automobile and stopped on the south side of the road in front of the small gate. His car was facing the west, and he left his lights burning. He said that the north side of his car was about 1½ feet on the gravel and the south side on the slope of the road. When he stopped he honked his horn, and the plaintiff with her husband, Dan Culhane, and their two

sons, Edward and Robert, 12 and 14 years old, respectively, came out to the car.

They had been there a few minutes when they noticed the lights of defendant's automobile, approaching them from the west. It was 50 to 60 rods from them when it came into view, and John Culhane testified that in his opinion it was coming at the rate of 20 to 25 miles per hour. He testified also that it did not come straight along the road, but that it was swaying back and forth from one side of the road to the other; that it continued to come in that way until it was within about 100 feet of his car, when it swung over to the right and came straight along the south side of the road until it was within 6 feet of his car when it turned to the right and ran down off the grade into the ditch, then east along the ditch until it passed the Culhane car, then turned up onto the grade again and continued along the road to the east. As defendant's car went into the ditch, it scraped along the side of the Culhane car, but no material damage was done to either car. As defendant's car went into the ditch, he slowed his speed down to 15 miles an hour.

Dan Culhane, plaintiff's husband, testified that he saw the lights on defendant's car when it was 50 to 60 rods away; that it wobbled from one side of the road to the other until it was within 100 feet of the Culhane car, then came along the south side of the road until it reached the Culhane car when it turned to the right down into the ditch, that when defendant's car approached be was standing in the ditch near the front end of the Culhane car, and that plaintiff was in the ditch just behind him and about the middle of the ditch; that when the car was about 100 feet away plaintiff said, "That car is going to hit us," and when defendant turned off the grade, he (the witness) jumped across the ditch to the small gate and turned around and saw defendant's car strike the plaintiff. Robert Culhane testified that he first noticed defendant's car when it was 50 to 60 rods down the road; that it came from one side of the road to the other, kept coming that way until within 100 feet from the Culhane car, when it dodged over to the south side of the road and went down into the ditch and ran over his mother. Edward Culhane testified that he noticed defendant's car when it was 50 or 60 rods away; that it had bright lights; that it was coming from one side of the road to

the other; that it stopped going that way when about 100 feet away then came along the south side of the road and went on east.

Plaintiff testified that when she saw defendant's car it was swaying around in the road from one side to the other; that when it reached the big barn gate it "looked as though the car was about to turn in there, turned in towards the south, toward the gate," and came straight on and as it came to where she was she told the little boy to run in the gate (which he did), and to the other boy she said, "Robert you better come around here, I believe he is going to hit John's car."

Under the circumstances as shown by the above testimony, the plaintiff is chargeable with contributory negligence. It is the theory of the plaintiff, and all of said witnesses who testified on her behalf, that the defendant was drunk, so drunk that he could not control his car, and that it was weaving—or wobbling as one of the witnesses said—about from one side of the road to the other. Plaintiff realized that a car being driven in that manner was a menace to everybody on the road. She realized this fact in time to have gotten out of harm's way. She warned her husband and little boy to get out of the way of defendant's car, and this they did; they crossed the ditch and got inside the little gate after she had so admonished them and before the car reached her. Plaintiff also knew that the glare of the lights on the Culhane car made it impossible for defendant to see her or even to see the Culhane car itself, or anything else back of the lights on that car. It is not claimed that defendant saw plaintiff or knew she was beside the Culhane car, and as a matter of fact he did not know she or any one else was on either side of the car.

Plaintiff herself having been guilty of contributory negligence, she is not entitled to recover, and it is unnecessary to consider the other question presented on the briefs.

The trial court should have directed a verdict for defendant, and the cause will be remanded with directions to dismiss the action at plaintiff's cost.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., and BURCH, J., concur.

GATES and SHERWOOD, JJ., not sitting.