DESCOMBAZ, Respondent, v. KLOCK, Appellant.

(235 N. W. 502.)

(File No. 6726.   Opinion filed March 16, 1931.)

*E. E. Wagner* and *Florence M. Ryan,* both of Mitchell, for Appellant.

*E. E. Sullivan,* of Sioux Falls, for Respondent.

BURCH, J.   This is an action to recover damages for personal injury received in an automobile accident.   Plaintiff was driving south on Highway No. 16 when one of his tires became flat and he stopped upon the road to repair the tire.   He stopped on the right side where the road was straight for a half mile or more to the north and equally straight and clear for a considerable distance to the south.   The time was about 10 o'clock at night on the 5th of July, so late in the evening that lights were required.   His car was a Model 1915 Ford, equipped with lights operated from the magneto so that he could have no lights unless the motor was running.   He had two headlights and one spot light, the spot light being upon the left and so adjusted as to throw light upon the fender.   He had no rear light.   The engine was running at the time of the accident and the lights above referred to were shining.   Plaintiff was immediately in front of the car while making the repair and while so located he noticed a car coming from the north and two cars coming from the south, all with headlights.   The car coming from the north belonged to defendant, and as defendant approached plaintiff's car, the cars from the south had advanced so that the passing of the last car from the south and defendant's car occurred near where plaintiff's car was standing.   Defendant says as he advanced he was blinded by the approaching car from the south and did not notice plaintiff's car in time to

avoid a collision. He struck the left rear wheel of plaintiff's car in such a manner as to shove plaintiff's car forward and against plaintiff. Plaintiff's leg was broken and he was bruised and injured and for these injuries he brought this suit. The action was tried to a jury, the jury returned a verdict of $1,500 for plaintiff, and upon this verdict judgment was rendered. Defendant appeals from the judgment and an order denying a new trial.

The assignments cover certain instructions given which we have examined in connection with the entire charge and have reached the conclusion that there was no prejudicial error in the instructions.

The principal question is presented on motion for a directed verdict, the contention being that upon the facts as they appear, plaintiff was conclusively guilty of contributory negligence barring his right to recover.

The verdict of the jury has determined the negligence of defendant, and what is further said must be understood in the light of defendant's proven negligence. Except in cases where defendant has been guilty of willful, wanton, and reckless conduct, as in Carlson v. Johnke (S. D.) 234 N. W. 25, where he may be liable for such conduct irrespective of plaintiff's negligence, it may be conceded that notwithstanding defendant's negligence, if plaintiff's negligence caused his injury, or materially contributed thereto, he cannot recover. No question of willful, wanton, and reckless conduct of defendant is here involved. Whether or not plaintiff was guilty of contributory negligence causing the injury or materially contributing thereto was submitted to the jury and determined in his favor. This determination is final, unless, as contended by appellant, respondent was guilty of contributory negligence as a matter of law. Appellant contends that inasmuch as the law requires a red rear or tail light to be displayed on all automobiles while on the road after dark, the admitted failure of respondent to display such light on his car conclusively establishes his negligence, leaving nothing for the jury's determination. Appellant's position overlooks the fact that a failure to display a red light on the rear of a car may be conclusively negligent and yet no injury result therefrom. The question is: Did such negligence (admitting it to be negligent) cause or contribute to the injury. We have no hesitancy in saying the law requires the red light as

a safety device and its omission is negligence, but we cannot say that every accident occurring at night is caused or in some way contributed to by the absence of a red light. A head-on collision certainly could not be attributed to the absence of a red light, and it seems equally clear that a collision at the rear might occur, and often does occur, although a red light is displayed. Whether or not the collision causing the injury in this case would have occurred if the red light had been displayed we cannot say. That question must be answered from a consideration of all the facts and circumstances of the case, which makes it a question to be answered by the jury and not by this court.

■ ■ ˙ Appellant's contention that respondent was conclusively guilty of contributory negligence by not stepping out of the way of the car before he was struck seems to have more merit, though it is given much less attention in the argument of counsel. Respondent was injured by being in front of his car when it was struck and moved forward against him. Had he stepped aside to the edge of the road, he would have suffered no personal injury. No damage is sought for injury to the car. The claim is confined to damages for injuries to his person. It seems plain that one upon a highway for any purpose must use some care to avoid injury from traffic thereon. It is the function of a highway to furnish a safe and convenient place for travel. Conceding that the temporary use of a highway for making an emergency repair to a vehicle is a proper use, it is nevertheless a partial obstruction to traffic engaged in the normal use of the highway, and it is the duty of one so engaged to obstruct the traffic as little as conveniently possible and not to unnecessarily endanger others. And he must keep a reasonable lookout to avoid injury to himself or property. Nothing less can justify such use of a highway. By lighting the lights he had, respondent may have done all that he could under the circumstances to warn others of his presence, but that did not excuse him from keeping a lookout to avoid injury from moving traffic. Had respondent watched appellant's car as it approached with headlights plainly visible, there would have been plenty of time for him to step out from in front of his car after it became apparent that a collision from the rear would occur or was likely to occur. To remain directly in front of the car when a rear-end collision imminently impended was gross negligence. Any prudent

person would step out of the front to the edge of the highway as it would then be apparent his car must in all probability be forced forward. That is what did happen. There is no contention that respondent sought the place of apparent safety and was caught by an unforeseen result of the accident. The result was what would naturally be expected and could readily be foreseen. It is plain that if respondent had stepped out of the front to the right side of his car his person would not have been injured. It being apparent that a proper lookout followed by prudent behavior when the lookout disclosed danger would have avoided the injury, there can be no facts for the jury to find, and we must hold that respondent was guilty of contributory negligence as a matter of law. Culhane v. Waterhouse, 51 S. D. 584, 215 N. W. 885. If he saw and failed to act prudently, he was negligent. If he failed to look, he was negligent in not looking.

The judgment and order appealed from are reversed, with directions to the trial court to dismiss the action.

POLLEY, P. J., and CAMPBELL and ROBERTS, JJ., concur.

WARREN, J., dissents.