DESCOMBAZ, Respondent, v. KLOCK, Appellant.

(240 N. W. 495.)

(File No. 6726.   Opinion filed February 5, 1932.)

For former opinion, see 58 S. D. 173, 235 N. W. 502.

E. E. Wagner and Florence Ryan Foss, both of Mitchell, for Appellant.

E. E. Sullivan, of Sioux Falls, for Respondent.

ROBERTS, J.   This is an action for damages for personal injuries sustained by plaintiff and caused by the alleged negligence of the defendant in the operation of an automobile upon the public highway, and is before us on rehearing.   The former opinion is reported in 58 S. D. 173, 235 N. W. 502, where an extended statement of the facts may be found.   Respondent contends that the defendant cannot avail himself of the defense of contributory negligence, other than the specific defense of negligence on the part of the plaintiff pleaded in his answer.   A rehearing was granted that we might give further consideration to this question.

The complaint in substance alleges that on the 5th day of July, 1927, defendant while approaching plaintiff's automobile from the rear at a speed in excess of 25 miles per hour, drove his automobile into and against the automobile of the plaintiff; that all of such acts were done in a reckless and negligent manner; that at the time of the accident the automobile of plaintiff was in plain sight and to the extreme right of the highway and in such a position that, had the defendant been driving his own automobile in a careful and prudent manner, he would have seen the car of the plaintiff and had ample opportunity to avoid the collision; and that, as a result of the collision, plaintiff was injured and for which he claims damages.

Defendant in his answer denied generally the allegations of the complaint. He affirmatively alleges that plaintiff's injury, if any, was caused by his own negligence in then and there being upon the public highway and in a place of danger with his automobile when same was not equipped with a red light displayed on the rear. We held in the former opinion that the question whether absence of a rear light on plaintiff's automobile was the contributing cause of the collsion was a question for the jury, but that respondent was conclusively guilty of contributory negligence, from a consideration of all the facts and circumstances of the case, in failing to step out of the way of the automobile before he was struck. Plaintiff contends that no such issue of contributory negligence appears from the pleadings; that the defendant was confined to his allegation of contributory negligense in not displaying a red light on the rear of his automobile. We are of the view that plaintiff is correct in his contention that no such issue is presented by the pleadings.

As a general rule the contributory negligence of the plaintiff must be affirmatively pleaded by the defendant in order that he may rely upon this defense. 45 C. J. 1115. The complaint does not allege matters to negative contributory negligence, and the question whether a general denial without further pleading on the part of the defendant would raise an issue of contributory negligence is not presented on this record.

Does the record disclose such contributory negligence as to preclude recovery, notwithstanding the fact that no issue of the

specific negligence on the part of the plaintiff is presented by the pleadings? The defendant, at the close of plaintiff's case and again at the close of all the evidence, made a motion for a directed verdict, which was denied. Whether the court's refusal to direct a verdict in favor of the defendant upon the contention that the facts conclusively indicated that plaintiff was contributorily negligent was proper presents a question of law, and the evidence must be construed most favorably for the plaintiff. Applying these principles of law to the instant case, we are of the view that the conclusion of the former opinion that, if plaintiff had watched defendant's automobile approaching with headlights plainly visible there was ample time for the plaintiff to step to the edge of the highway and from the front of his automobile after it became apparent that a collision from the rear was probable is warranted from a consideration of plaintiff's own testimony.

█ When plaintiff's own evidence clearly discloses contributory negligence on his part, it operates to defeat his cause, and may be availed of as a defense in the absence of a pleading of contributory negligence in the answer. 20 R. C. L. 182; Hoffman v. So. Pac. Co., 84 Cal. App. 337, 258 P. 397; Mellon v. Great N. Ry. Co., 116 Minn. 449, 134 N. W. 116, Ann. Cas. 1913B, 843. It is apparent from plaintiff's own testimony that he would have suffered no personal injury if he had exercised ordinary care, and the trial court erred in not directing a verdict for the defendant.

We therefore adhere to the result arrived at in our former opinion, and the judgment and order appealed from are reversed, with directions to the trial court to dismiss the action.

CAMPBELL, P. J., and POLLEY, and RUDOLPH, JJ., concur.

WARREN, J., dissents.