GRIEBEL, Respondent, v. RUDEN, Appellant.

(249 N. W. 810.)

(File No. 7507. Opinion filed August 23, 1933.)

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Appellant.

*Danforth & Davenport,* of Sioux Falls, for Respondent.

POLLEY, J. This action was brought to recover damages resulting from an automobile accident that took place on Highway No. 16, about 16 miles west of Sioux Falls on the 9th day of December, 1931. Plaintiff was driving a Star automobile, and pulling a four-wheeled trailer. The day is described as being misty and foggy; the visibility was poor and the moisture was freezing on the windshield of the car. The roadway from Sioux Falls to and beyond the place of the accident is paved with a concrete slab 20 feet in width, with a "shoulder" of earth some 4½ to 5 feet in width on either side of the concrete. The outer edge of the shoulder drops off quite abruptly into the ditch on either side of the roadway. The road sloped to the west, and at the place of the accident and from a point some 200 to 300 feet west of the accident the road sloped upward. As plaintiff approached the point of the accident his windshield had become so thickly coated with ice that he considered it dangerous to attempt to drive farther until he removed the said ice. He testified, as did Mrs. Griebel, his wife who was riding in the seat with him, that he drove his car over to the right side of the road until the right-hand wheels of his car were just at the edge of the ditch at the right of the shoulder, and the left wheels within a few inches of the outer edge of the pavement. With his car in that position he stepped out on the left running board and sat down on the left front fender, facing to the rear, and proceeded to clean the frost from his windshield. He said he looked to the east and to the west, but there was no car in sight in either direction.

The defendant was likewise coming from Sioux Falls and was a short distance behind plaintiff. He was driving a six-wheeled truck, equipped with a box, 7 feet and 5 inches in width by 11 feet in length, the whole weighing, empty, 4,800 pounds. He had his windshield open so that his vision was unobscured by frost or ice. He proceeded to drive past plaintiff's car, but drove so close to the car that the right-hand front corner of the box on his truck struck both left fenders of plaintiff's car and struck the

plaintiff, knocking him to the pavement some distance in front of his car and very seriously injuring him.

The trial resulted in a verdict and judgment for plaintiff in a substantial sum, and from such judgment and from an order denying him a new trial, defendant appeals.

For his defense, defendant interposed a general denial and charged contributory negligence on the part of the plaintiff.

■ The only act on the part of the plaintiff charged by defendant as negligence was the stopping of his car where he did. Defendant contends that plaintiff did not drive his car over to the right-hand side of the road as far as he should have done before stopping. Defendant also contends that plaintiff should not have stopped his car until he came to a side road, or crossroad, where he could have driven entirely off from the highway. Plaintiff and his wife both testified that the car was stopped as near to the ditch as it could be without running into the ditch. This testimony was corroborated by the testimony of a number of disinterested witnesses, also by the wheel marks on the shoulder of the road at the place of the accident. Plaintiff is further corroborated by the probabilities of the case. A prudent driver would have driven his car as far from the line of travel on the highway as he conveniently could. A significant piece of evidence as to the position of the car was the testimony of Mrs. Griebel. Plaintiff was rendered unconscious by the collision. Defendant and the witness Winright, who was in the truck with defendant, with the assistance of Mrs. Griebel, carried plaintiff back and put him in his car. Mrs. Griebel said they were obliged to put him in the car from the left-hand side because the car was so close to the ditch that they could not put him in from the right-hand side. The truth of this statement was not questioned in any way by the defendant. Defendant and the witness Winright both testified that two-thirds of the width of plaintiff's car was over the paved portion of the road. This, as claimed by appellant, constituted contributory negligence on the part of plaintiff. Upon this question the court charged the jury as follows: "No. 8. If you should find, under the law given to you and from the evidence, that the plaintiff himself was negligent, either in driving his car or in any other manner, at the time he stopped and at the time of the accident, and his negligence either caused or helped to cause the acci-

dent, then he could not recover any damage in this case." By its verdict under this instruction, the jury found for the plaintiff on the question of contributory negligence and the evidence is amply sufficient to support such finding. Plaintiff stopped his car where he had a perfect right to stop it and was in place where he had a perfect right to be when the accident occurred.

■ ■ Defendant undertakes to excuse himself for striking plaintiff's car by the following circumstances: He and Winright both testified that when they reached the top of the slope from which they could see plaintiff's car, a third car was approaching from the west, and that this third car met defendant's truck just as it was passing plaintiff's car, and that in order to avoid being struck by the car from the west defendant was obliged to run into plaintiff's car. If this situation existed, it furnished defendant with no excuse for running into plaintiff's car, but the jury may not have believed that any such car came from the west. Mrs. Griebel was sitting in plaintiff's car facing the west, and unless the windshield was so completely obscured by ice that she would not see through it at all (and defendant contends that it was not), she would certainly have seen a car approaching from the west; yet she testified that she saw no such car. Plaintiff testified that he neither saw nor heard a car coming from the west. The witnesses Morgan and wife, who were traveling west just behind defendant's truck, and who arrived at the scene of the accident before plaintiff had been picked up from the pavement, would certainly have met the car from the west had there been such a car; yet they both testified that they met no such car. The jury would have been warranted in believing that there was no such car. But assuming that plaintiff's car stood where defendant claims it stood, and assuming that a third car did approach from the west, defendant is still without excuse for running into plaintiff's car. There was at least fifteen feet of pavement and 4 to 5 feet of shoulder south of plaintiff's car. This allowed an abundance of room for the truck and the car from the west to pass each other without interfering with plaintiff's car. Then, again the car from the west had the right of way, and if there was not sufficient room for the truck and the car from the west to pass each other without interfering with plaintiff's car, it was the duty of the defendant to have stopped his truck in the rear of plaintiff's car and waited until the car from the west had

passed. This is what a careful or prudent driver, or a driver who had any consideration for the rights of others on the road, would have done. In parking his car where he did, and under the then existing circumstances, plaintiff was well within the provisions of section 25, c. 251, Laws 1929.

■ Upon the question of defendant's negligence, the court instructed the jury as follows:

"No. 6. If you should find, under the law given to you and under the evidence, that at the time of this accident the defendant was not driving his truck in the manner required by the law as given to you, and that his failure so to do was the direct and immediate cause of this accident, then the plaintiff would be entitled to recover in this action such damage as he suffered by reason of this accident."

"No. 7. If you find from the evidence that at the time of this accident the defendant drove his truck in the manner in which an ordinarily careful and prudent person would have driven it, at the same time and place and under the same circumstances, then he would not be liable for damage in this case."

The jury found against the defendant on the question of defendant's negligence, and such finding is fully supported by the evidence.

■ The court, among other instructions, charged the jury as follows: "Any person who drives any vehicle upon a highway carelessly and heedlessly, in a wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving." Appellant excepted to this instruction, "on the ground that it is incompetent under the pleadings, there being no charge of any such conduct: likewise incompetent and unapplicable to the evidence for the reason that there is no evidence showing wilful or wanton conduct." It is doubtful if this instruction is responsive to any of the issues in the case, but it does not carry any implication that the defendant was guilty of reckless driving or wanton conduct and could not have prejudiced the defendant.

A number of assignments of error are predicated upon the refusal of the trial court to give certain requested instructions. The

requested instructions, as well as the instructions that were given by the court, have been carefully considered. In the main the requested instructions correctly state the law and are responsive to the evidence, but we believe the issues are fully covered by the instructions that were given by the court and that appellant was not prejudiced by the court's refusal to give the requested instructions.

■ ■ Plaintiff seeks to recover, as a part of his damage, the amount of his hospital bill. During the trial he was asked the amount of such bill. This was objected to on the ground that it was incompetent and that no proper foundation had been laid. The objection was overruled, and he answered: "$225.80." This objection should have been sustained. The question involved was: What was the reasonable value of the service? Gumb v. Street Ry. Co., 114 N. Y. 411, 21 N. E. 993. The court erred in overruling this objection, but such error is not necessarily reversible.

■ One of appellant's assignments of error is predicated upon the size of the verdict. The verdict is $7,500. This, appellant contends, is excessive and out of proportion to the injuries suffered by plaintiff. The evidence shows that plaintiff was very badly bruised and hurt in nearly all parts of his body. The lower part of his abdomen was badly torn and lacerated, and four of his ribs were broken, but his principal injury consisted of the fracture of his pelvis. He was confined to the hospital for a period of 36 days. He was confined to his bed for some time after he was taken home. He walked with two crutches for a while, then with one, and at the time of the trial could get around with the aid of a cane. Plaintiff had engaged in farming all of his life. Up to the time of this accident he was able to do and was in the habit of doing all kinds of farm work. He was 39 years of age at the time of the injury and had an expectancy of 29 years. He can walk now only with the aid of a cane. He is not able to do any of the heavy work on the farm and it is only with considerable pain that he does any work at all. Two physicians, who examined plaintiff at the request of defendant, testified that in their opinion plaintiff's condition would improve as time goes on, but neither of them would venture the opinion that plaintiff would ever entirely recover. The fact is that his injuries are permanent and he will be a cripple for the remainder of his life. In view of all of these facts, we do

not think the amount of the verdict is disproportionate to the injuries suffered by plaintiff.

From what we have said it follows that the court did not err in denying appellant's motion for a directed verdict made at the end of plaintiff's testimony and again at the close of all the testimony, nor his motion for judgment notwithstanding the verdict.

The judgment should be modified by deducting $225.80, the amount of the hospital bill, therefrom, and as so modified the judgment and order appealed from are affirmed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

CAMPBELL, J., absent and not sitting.