GRIEBEL, Respondent, v. RUDEN, Appellant.

(253 N. W. 447.)

(File No. 7507. Opinion filed March 19, 1934.)

For former opinion, see 61 S. D. 507, 249 N. W. 810.

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*Danforth & Davenport,* of Sioux Falls, for Respondent.

POLLEY, J. This action is here on rehearing. The opinion on the former hearing is reported in 61 S. D. 507, 249 N. W. 810, 812, where a statement of the facts will be found.

In his petition for rehearing defendant contends that we overlooked two important questions that were submitted in his brief. His first contention is that we did not give sufficient consideration to his assignment No. 3, wherein he questions the propriety of the following instruction given by the trial court: "Any person who drives any vehicle upon a highway carelessly and heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

This instruction is taken from section 3, c. 251, Laws 1929. Appellant claims that this instruction is not responsive to any issue made by the pleadings or the evidence. In our opinion, we said: "It is doubtful if this instruction is responsive to any of the issues in the case, but it does not carry any implication that the defendant was guilty of reckless driving or wanton conduct and could not have prejudiced the defendant."

Appellant contends that by this instruction the court advised the jury that there was in this case an issue of willful, wanton, and reckless conduct. We find no merit in this contention, and further discussion of the subject would serve no useful purpose.

██ In addition to the instructions set out in the former opinion, the court instructed the jury as follows: "The driver of any vehicle overtaking another vehicle proceeding in the same direction, shall pass at a safe distance to the left thereof. * * * The court will say to you that under the law the plaintiff had a right to stop his car for the purpose of removing the frost and ice from his windshield, providing, it was in such a condition as to obstruct his vision, so that he could not see ahead of him, or to so obscure his vision that it was unsafe to drive. While so doing it was his duty to obstruct the traffic as little as conveniently possible and not unnecessarily to endanger others, and it was his duty at such time to keep a reasonable lookout to avoid injury to himself. * * *"

It will be observed from this instrumtion that plaintiff was obliged to keep only a "reasonable lookout" to avoid injury to

himself and his property. He was not obliged to exercise extreme caution if he was in a place where he had a right to be. Ordinary care did not require him to keep a constant lookout for approaching vehicles. If he was where he had a right to be, defendant had no right to interfere with him while he was necessarily there. It must be remembered that what constituted ordinary care and prudence on the part of both plaintiff and defendant under the surrounding circumstances were questions of fact to be determined by the jury, and upon this question the court instructed the jury as follows: "Now, in determining this question, it is your right and your duty to carefully consider all the evidence in the case and all the circumstances disclosed by the evidence. You should take into consideration, among other things, the character of the highway at the place of the accident; the weather conditions existing at the time; the character of the place where the accident happened; whether or not, at the time of the accident, there were any other cars in the immediate vicinity; and, in addition to these specific matters mentioned, you should consider all the evidence."

By their verdict, the jury answered all these questions in favor of the plaintiff, and that the evidence is sufficient to support the verdict there is no possible doubt.

The other question presented by appellant in his petition for rehearing is that of contributory negligence on the part of plaintiff. Appellant contends that what we said in our opinion in this case conflicts with what we said on the subject of contributory negligence in Culhane v. Waterhouse, 51 S. D. 584, 215 N. W. 885, and Descombaz v. Klock, 58 S. D. 173, 235 N. W. 502. While the facts involved in this case are similar in some respects to those in the Culhane and Descombaz Cases, the circumstances surrounding the accidents involved are so different that it did not occur to us that what we said in those cases was applicable to this case. In the Culhane Case the accident involved took place in the night-time. It was on an east and west road. Plaintiff's car was facing the west. It was parked on the south side of the road, i. e., on the left-hand side. The car was equipped with bright dazzling headlights, turned on full force. Plaintiff and her husband and one or two children were standing in the ditch on the south side of the car. The defendant was coming from the west. He was on the south side of the road; that is, the right side. His lights were

turned on. Plaintiff saw him at a distance of something like half a mile. She said his car was weaving or wabbling about from one side of the road to the other. She admitted, however, that when defendant's car reached a point about 200 yards west of the Culhane car defendant's car was well over to the south side of the road, i. e., to the driver's right, and that it kept on the right side of the road until it reached the place of the accident. Plaintiff testified that, from the fact that defendant's car had been wabbling about on the road, she though defendant was drunk, and that she told her husband and children that the defendant was drunk and for them to get out of the way. This they did by climbing out of the ditch on the south side and went through a small gate in the fence on the south side of the road. Plaintiff herself, however, stayed in the ditch. The lights on the Culhane car prevented the defendant from seeing the plaintiff or from seeing any object on either side of the car, or the car itself. When he approached the Culhane car he did not know that the space in the road on the north side of the Culhane car was clear, and he did not know what instant the Culhane car might start and move over to the north side of the road; therefore he was afraid to try to pass it on the left-hand side, and, in order to avoid the danger of a collision, he turned his car down into the ditch on the right-hand side of the road. In doing this he ran over the plaintiff and injured her. Under these circumstances, we held the plaintiff guilty of contributory negligence; and the jury would have been justified in holding that the defendant had used ordinary care and was not guilty of negligence. Had it been daylight so that defendant could have seen the clear space in the road on the north side of the plaintiff's car, and could have seen the plaintiff in the ditch on the south side of the car, to have driven into the ditch and run over the plaintiff, as he did, would have constituted negligence. In the present case, it was daylight. The defendant saw the plaintiff's car and had he looked could have seen the plaintiff at a sufficient distance so that he could easily have avoided hitting him, or, if there had been a car coming from the west, as he said there was, he could have stopped his car in the rear of plaintiff's car and avoided any collision. Defendant did say that the road was so slippery that he could not stop his truck, but it is a fact that immediately after he struck the plaintiff he turned his car over to the right-hand side

of the road and stopped within a distance of about 100 feet. He had no difficulty in doing this, and the witness Morgan who was just behind the defendant, parked his car on the right-hand side of the road between plaintiff's car and defendant's truck. He experienced no difficulty in stopping his car; and plaintiff does not appear to have experienced any difficulty in stopping his car.

The accident involved in the Descombaz Case took place on a north and south road. It, like the accident in the Culhane Case, took place in the nighttime. Plaintiff had a blowout and was obliged to stop and repair a tire. He drove his car over to the right-hand side of the road and stopped. He said: "I turned off to the side of the road, clear off the road, with the exception of the two left wheels, were on the gravel." And then later testified: "When I stopped the left wheels of my car were on the gravel and the other two were on the grass." He had no tail-light at all on his car. His headlights, as well as a spotlight he had on his left fender, were shining on the ground in front or his car. He proceeded by the aid of these lights to repair his tire. He said he saw the lights of a car (defendant's car) coming from the north, and the lights of two cars coming from the south. None of these cars were more than about a half mile from his car. As the defendant's car approached the plaintiff's car from the north, the other cars approached him from the south. The head car was equipped with bright lights and was closer to plaintiff's car than was the defendant. The lights of this car obscured the plaintiff's car so that defendant could not see it, and he did not see it, and did not know it was there until the head car from the south had passed defendant's car. This was but a very short distance north of plaintiff's car. As soon as this car had passed the defendant, he discovered plaintiff's car in the road in front of him and immediately turned his car to the left, but he was then so close to plaintiff's car that he could not avoid colliding with it.

Plaintiff was contributorily negligent as a matter of law in failing to step to the edge of the highway, which he could have done had he kept a reasonable lookout after it became apparent that a rear-end collision was imminent. The circumstances were entirely different from what they are in this case. It does not appear that the plaintiff in this case could have avoided injury after he discovered that a collision was imminent.

We believe we reached the correct solution of this case on the former hearing. The plaintiff is entitled to interest on the amount of the modified judgment from the date of the entry of the original judgment.

The judgment and order appealed from are affirmed.

ROBERTS, P. J., and WARREN and RUDOLPH, JJ., concur.

CAMPBELL, J. (dissenting). I seriously doubt the validity of the attempt to reconcile the holding of the foregoing opinion with the ruling of this court in Descombaz v. Klock (1931) 58 S. D. 173, 235 N. W. 502. Also, and particularly in view of the decision of this court in Wittstruck v. Lee, 62 S. D. 290, 252 N. W. 874, it seems to me not only erroneous, as the majority opinion freely admits, but prejudicial, for the court to submit to the jury in a civil action for negligence the statutory definition of the crime of "reckless driving."

For these reasons I dissent.