359 So.2d 1318 (1978)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Anthony Balestra
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY and James A. Dendy.
No. 9285.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1978.
*1319 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, James Ryan, III, New Orleans, for plaintiffs-appellees.
Ogden & Ogden, Timothy L. McCune, New Orleans, for defendants-appellants.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
This case seeks recovery of damage to a car which veered off the highway to avoid striking defendant's parked tractor-trailer unit and ran into a manhole on the shoulder. After trial on the merits the trial court rendered judgment in favor of plaintiffs, the owner of the car and his subrogated collision insurer. The principal issue is whether defendant's employee's conduct in parking on the highway was a concurrent legal cause of the accident.
The accident occurred shortly before noon on a hazy, dry day on a divided four-lane, north-south highway. Prior to the accident plaintiff's son was driving the car in a northerly direction in the right lane at about 40 miles per hour in a 45-mile zone. To his right was a shoulder, about 12 feet wide, and a set of railroad tracks. He testified that as he proceeded around a winding curve, he did not notice the tractor-trailer unit stopped in the right lane until he was about three car lengths away, because his view was obstructed by the *1320 railroad tracks. He immediately applied his brakes, but when he saw he could not stop he veered to the right (the left lane being occupied) onto the shoulder where he struck the manhole and then the tracks.
Defendant's employees were beginning work on installation of underground cable along the shoulder of the road. The tractor-trailer involved in this incident was about 60 feet long, and on top of the flatbed trailer was a bright yellow crane. Just prior to the accident defendant's operator stopped the truck on the highway next to the manhole, intending to feed cable with the crane into the manhole. He first instructed the driver of defendant's other truck to proceed about 600 or 700 feet down the highway to the next manhole, where that second truck was to pull the cable through with a winch, and then he began to unload warning cones from his truck to place them up the highway to warn oncoming traffic. The accident occurred while he was unloading the cones.
Defendant's driver testified that at all times the flashers on his taillights on the bed of the truck were operating. He stated without explanation that it was necessary for him to park on the highway in order to perform this work, although he admitted that he could have pulled off onto the shoulder of the road until the warning cones were placed further up the highway to warn approaching traffic. He estimated that about 90 seconds elapsed between the time when he first stopped on the highway and the time that the accident occurred.
The driver of the car was clearly negligent in failing to maintain a proper lookout so as to discover the huge tractor-trailer and crane in the highway ahead. However, the sole basis alleged for imputation of the driver's negligence to the owner was that the driver was on a family mission, and the driver testified that he was on his way home from work for lunch. When this evidence is accepted, there is no basis for imputation of negligence (and the record contains no claim for contribution).
Accordingly, plaintiffs' right to recovery depends upon the determination of whether defendant's employee's conduct was a concurrent legal cause of the accident.
Legal cause is determined, as outlined in Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970), by first determining whether the conduct was a cause-in-fact of the accident, then by determining what duty was imposed and whether the risk created by a breach of that duty was one for which the statute or rule of law was intended to afford protection, and finally by determining whether defendant breached that duty.
The initial determination of whether defendant's conduct was a cause-in-fact is a but-for inquiry. Defendant's parked vehicle occupied a lane ordinarily used by moving vehicles, and if defendant had not blocked this lane or had provided adequate warnings, the accident would not have occurred. Thus, defendant's conduct was a cause-in-fact or a substantial factor in causing the accident.
R.S. 32:141, R.S. 32:369, and common sense rules of the road impose a duty on motorists to keep the highways open for the safe flow of traffic or to adequately warn approaching motorists of highway obstructions.[1] The duty is designed to prevent the risk that another driver, while confused or inattentive, will collide with the obstructing vehicle. In this case breach of the duty to refrain from stopping or to adequately warn if stopping was necessary created the exact risk the statute was designed to prevent.
The key inquiry is whether there was a breach of defendant's duty. Even if it were necessary for defendant's truck to occupy a position on the highway, the truck *1321 operator could have parked on the shoulder until the warning cones were in position up the highway or could have flagged or otherwise protected approaching traffic until these devices were in place. The flashing of taillights on the bed of the trailer was simply not adequate warning, and the accident occurred because adequate warning was supplied too late.
We hold that defendant's failure to provide adequate warning timely to approaching motorists was a concurrent legal cause of the accident.
The amount of damages was stipulated.
The judgment is affirmed.
NOTES
[1] The rule of reason of R.S. 32:141 applies to the determination of civil liability in accidents on highways in residential and commercial areas. Pierre v. Allstate Ins. Co., supra.