## LOISEAU v. ARP.

An act is the proximate cause of an injury where the injury is the natural and probable consequence of the act, and one, which ought to have been foreseen, in the light of the attending circumstances.

The act of one in permitting his colts to run at large on a highway adjacent to the lands of another is not the proximat ecause of an injury to a colt of the latter, resulting from it becoming caught in a barb wire fence along the highway in its efforts to get over the fence and into the .highway, and the former is not liable for the injuries to the colt.

(Opinion filed, January 15, 1908.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by Alfred A. Loiseau against William Arp. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*G. R. Krause,* for appellant.

The owner of animals such as horses, oxen, sheep, etc., is under an unqualified obligation, at common law, to restrain them from trespassing upon the land of other persons. And he is, therefore, unconditionally liable as a trespasser himself, for any trespass committed by his animate property: The law conclusively presuming negligence against him, without regard to the facts of the particular case. Whatever damage his animal does, while trespassing, is an aggravation of the trespass, for which he is also liable Sec. 817 Civil Proc.; Shearman & R. Nelig vol. 2, 5th ed., sec. 627; Van Leuven v. Lyke, 49 Am. Dec. 346; Dunkle v. Kocker, 11 Barb. 389; Decker v. Gammon, 69 Am. Dec. 99; Mills v. Stark, 17 Am. Dec. 444; Ellis v. Loftus Iron Co., L. R., 10 C. P. 10; Dolph v. Ferris, 42 Am. Dec. 246; Noyes v. Colby, 30 New Hampshire 143; Lorance v. Hillyer, 77 N. W. Rep. 755; Tonawanda Ry. Co. v. Munger, 49 Am. Dec. on pp. 244 and 247; Jackson v. Rutland & B. R. Co., 60 Am. Dec. page 249; Monroe v. Cannon, 81 Am. St. Rep. 446; Chunot v. Larson, 43 Wis. 536. Subject to the right of passage by the public, the soil, to the center of the highway, and the grass and herbage growing thereon are the adjoining owner's property, as much so as the soil and crops of his field, and he could gather the same or depasture his cattle thereon, so long as consistent with the safety of travelers upon the highway. Sections 288 and 290, Civil Code; 3 Kent's Com., sections 432-434; Jackson v. Rutland & B. R. Co., 60 Am. Dec. 249; Holden v. Shattuck, 80 Am. Dec. 685. A party chargeable with the commission of the wrongful act, he is deemed to be the doer of all that results therefrom. His liability becomes fixed when it sufficiently appears that the injury was the consequence of his wrongful act. I Chitty's Pl., pp 125-130; Ricker v. Freeman, 9 Am. Dec. 267; West v. Ward, 14 Am. St. Rep. 284; Knapp v. Sioux City & P. R. Co., 32 N. W. Rep.

18; Guille v. Swan, 10 Am. Dec. 234; Wyant v. Crouse, 86 N. W. Rep. 527; Rausier v. M. & St. L. Ry. Co., 32 Minn. 331; Cate v. Cate, 9 Am. Rep. 179; Griggs v. Fleckenstein, 100 Am. Dec. 199; Weick v. Lander, 75 Ill. 93; Lane v. Atlantic Works, 111 Mass. 136; Hill v. Winsor, 118 Mass. 251; Gass Co. v. Robinson, 99 Pa. St. 1; McAllister v. Hammond, 6 Cow. 342; Scott v. Sheperd, 1 Smith's L. C. 212.

*Robertson & Dougherty,* for respondent.

It is necessary that some damage be done in order to authorize the taking up of animals damage feasant. Vol. 2 Cyc. 403; 2 Am. and Eng. Ency. of Law (2nd ed.) 359. And it is also necessary that the animal must be seized in the act of doing the damage. Warring v. Cripps, 23 Wis. 460. If the wrong and the resulting damage are not known by common experience to be natural and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action. Vol. 1 Cooley on Torts, (3rd ed.) 99; Addison on Torts, p. 6; Pollock on Torts, 27-29; Smithhurst v. Congregational Church, 2 L. R. A. 695; Louisville Railroad Co. v. Lucas, 6 L. R. A. 194; Read v. Nichols, 7 L. R. A. 132; Smith v. Kanawha County, 8 L. R. A. 82-84; Smithwick v. Hill & Upton Co., 12 L. R. A. 283; Hunnewell v. Duxbury, 13 L. R. A. 733; Collins v. Express Co., 5 L. R. A. 373; Malony v. Bishop & Bridges, 105 N. W. 407.

CORSON, J. This is an appeal by the defendant from a judgment on a directed verdict in favor of the plaintiff. The action was instituted by the plaintff against the defendant in claim and delivery to recover the possession of two colts alleged to have been wrongfully detained by the defendant. The complaint is in the usual form, and the defendant in his answer denies each and every allegation therein contained, except as thereinafter expressly admitted; and the defendant alleges that on May 1, 1906, and for several days prior thereto, the two animals described in plaintiff's complaint were trespassing upon the land owned by the defendant and by him occupied as a homestead; that while so trespassing the said animals caused damage to the defendant, in that

they caused the defendant's two year old colt to be cut and wounded
in a barb wire fence upon the defendant's land by fighting and
biting him, and crowding said fence over onto and against him,
thereby causing defendant's colt to be so severely wounded and cut
as to render him helpless and of no value, and making it neces-
·sary to kill him; that said colt was a two year old stallion, and
before said injury of the value of $100; that the defendant there-
upon took up the plaintiff's said two colts, and notified the plain-
tiff that they had so trespassed upon his land, and had so caused
injury and damage as aforesaid to this defendant, and the amount
thereof, and also, that he, the defendant, was retaining and keep-
ing in his custody the said offending animals until said damage
was paid or secured.    The defendant as a further answer and
counterclaim alleged substantially the same facts, and that plain-
tiff had refused to pay or secure the said damage, and that he did
thereafter, on May 3, 1906, wrongfully cause the offending animals
to be taken from his possession by means of this action, and has
ever since kept the same, thereby depriving the defendant of
his security for payment of said damage so caused by said animals.
The defendant prays judgment, that plaintiff's complaint be dis-
missed, and that he have judgment for the amount of his damages;
that the defendant be adjudged to have a lien upon the said ani-
mals as security for his said damages and costs; and that the same
may be ordered sold, and the proceeds applied in satisfaction of
defendant's judgment.

It is disclosed by the evidence that the plaintiff was the owner
of the two colts described in the complaint, and that on the day
of the injury, and for two or three days prior thereto, the colts
were running at large in the highway along the defendant's prem-
ises, which were inclosed by a barb wire fence, which consisted
of two wires, one about 2 feet from the ground and the other
about 4½ feet from the ground, attached to posts in the usual
manner.    The only witness as to what occurred at the time of
the injury was the defendant, Arp, who testified in substance as
follows: "I know the colts of the possession of which the plain-
tiff has brought this action.    I had them in my possession when he
came for them some time about the 1st of May.    These colts were

there on my premises for two or three days before the accident happened. I chased them off several times, but they came back again. On the day of the injury to my colt I heard the horses squealing and fighting, and looked up and saw those colts fighting with mine. I hurried over, and saw they were fighting over the fence. The plaintiff's colts came against mine, biting and fighting, and mine got into the wire, raised up his front foot, and got caught in the wire, and was completely ruined. When I started over there, I saw a lunge made by the colts outside of the fence, and saw that they pushed the fence over and against my colt, and that mine in fighting back got onto the wires. When I got there, my colt was standing back from the others, had his foot nearly cut off, and was bleeding badly, and subsequently I had to kill him." The defendant further testified that he took up plaintiff's two colts, and kept them in his possession, and served a written notice upon plaintiff that he would hold the same until the damage sustained by him was either paid or secured as provided by law. On cross-examination he testified: "Plaintiff's colts were on the outside, and mine on the inside of the fence." The witness was then asked the following questions: "Q. Did he (your colt) catch on the top wire? A. I don't know. Q. The top wire was bloody? A. Yes, sir. Q. You said he lifted up his foot? A. Yes. Q. And in that way he cut his foot? A. Yes, sir. Q. And he caught on the top wire? A. I don't know about the wire. Q. You saw blood on the top wire? A. Yes, sir. Q. And when he got his foot on the top wire he commenced backing and pulled the wire back trying to get out? A. Yes, sir." At the conclusion of the evidence plaintiff moved the court to direct a verdict in his favor for the reason that it appears from the evidence that the colts of the plaintiff were on the highway and outside of the fence inclosing the defendant's land, and under the facts as disclosed by the evidence the defendant was not authorized under the statute to take the possession of the colts and hold them by distress as security for the payment of the value of defendant's colt; and for the further reason that it appears from the testimony that the colt belonging to the defendant put his foot on top of the wire fence, and, if any injury was sustained by it, it was sus-

tained in its attempt to jump over the fence, and that, if he sustained any damage by reason of the presence of the plaintiff's colts, the damage was too remote to entitle the defendant to recover in this action. The court seemed to have adopted this view, and directed a verdict as before stated in favor of the plaintiff.

It is contended by the defendant that the plaintiff's' colts were trespassing upon his property, and that the plaintiff therefore was liable for all the damages sustained by him by reason of such trespass, as under the Code of this state the defendant was authorized to take up and hold possession of the said colts until the damages sustained by him were either paid or secured, and therefore the plaintiff was not entitled to recover in this action. The defendant in his brief discusses at considerable length and cites many authorities to the effect that the plaintiff's colts, not being upon the highway for the purpose of passing over the same, were, when, near the fence of the defendant, trespassing upon his property, and that he had a right to distrain them and hold them under the provisions of sections 817 and 820 of the Revised Code of Civil Procedure until his damages were paid or secured; but, in the view we take of the case, we do not deem it necessary to determine whether or not the plaintiff's colts were trespassing upon the defendant's property within the purview of the sections cited, and for the purpose of this decision we may assume that defendant is right in his contention.

As will be noticed, the plaintiff claims that the injury to defendant's colt was caused by his apparent attempt to jump over the fence, and the fact that plaintiff's animals were trespassing upon the defendant's property was not of itself the proximate cause of the injury. We are inclined to the opinion that plaintiff is right in his contention, and that the proximate cause of the injury to defendant's colt was its attempt to jump over the fence, and in that effort its foot became entangled in the barb wire, resulting in the injury complained of. Had the injury resulted to the defendant's colt by reason of the biting or kicking by the plaintiff's colts over or through the barb wire fence, the plaintiff clearly would have been liable for such injury. Ellis v. Loftus, 10 C. P. 10 (English case). But in the case at bar no injury was

directly inflicted upon defendant's colt by the colt or colts of plaintiff, and the injury to defendant's colt seems to have been caused by its own act presumably in its attempt to jump over the fence, and that the damages caused were too remote to render the plaintiff liable therefor. In 13 Cyc. 25, the rule as to proximate damages is thus stated: "A proximate loss or injury is usually a consequential loss or injury, but is one so nearly connected with the original wrong that the law concerns itself to award damages therefor. It is a fundamental principle of law, applicable alike to breaches of contracts and to torts, that, in order to found a right of action, there must be a wrongful act done and a loss resulting from that wrongful act. The wrongful act must be the act of the defendant, and the injury suffered by the plaintiff must be the natural, and not merely a remote consequence of the defendant's act. * * * Where the effect could reasonably have been foreseen, and where in the usual course of events it was likely to follow from the cause, the person putting such cause in motion will be responsible, even though there may have been many concurring events or agencies between such cause and its consequences." On page 27 it is stated: "The question as to what damages will be considered the natural and proximate consequence of the injury, and what damages will be considered remote, is one difficult of decision. It may be stated as a general rule, however, that where the result of an unlawful act is a natural one, and one that would naturally flow from the act done, it is not remote but proximate. If, upon the contrary, the damages complained of would not naturally or usually flow from the negligent act, but were brought about by some unforeseen casuality, then they would be remote. Within the rule which limits a recovery for injury to those damages which are its natural and proximate effects, the natural effects are those which might reasonably be foreseen, those which occur in the ordinary state of things, and proximate effects are those between which and the injury there intervenes no culpable and efficient agency." In 8 Am. & Eng. Enc. of Law, p. 542, the rule is thus stated: "Again, damages are either direct or consequential. The former are such as result from an act without the intervention of any intermediate

controlling or self-efficient cause. The latter are such as are not produced without the concurrence of some other event attributable to the same origin or cause. Proximate damages are those that are the ordinary and natural results of the defendant's act, such as are usual, and might therefore have been expected. Remote damages are such as are the result of accident or an unusual combination of circumstances which could not be reasonably anticipated, and over which the party sought to be charged had no control."

In the case of Pielkie v. Railway Company, 5 Dak. 444, 43 N. W. 813, Mr. Justice Tripp in a very able and exhaustive. opinion fully reviews the authorities bearing upon the question of proximate and remote damages, and cites with approval the case of Railway Company v. Kellogg, 94 U. S. 475. In that case the learned Supreme Court of the United States says: "The question always is: Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the fact constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen, in the light of the attending circumstances." In the case at bar the injury resulting to defendant's colt could not have been anticipated by the plaintiff in permitting his colts to remain in the highway adjoining defendant's land. It is true the remote cause of the injury was the fact that the plaintiff's colts were upon the defendant's land, but the proximate cause seems to have been the efforts of the defendant's colt to get over the fence and thereby becoming entangled in the barb wire resulting in its injury. The proximate cause of the injury, therefore, was the act of the defendant's colt. This fact being established by the undisputed evidence, it is quite clear that the plaintiff was not liable for the injury, and the court was clearly right in directing a verdict in favor of the plaintiff.

The judgment of the court and order denying a new trial are affirmed.