FORD, Appellant v. ROBINSON et. al., Respondents

(80 N.W.2d 471)

(File No. 9541. Opinion filed January 17, 1957)

**Jackson & Krause,** Lemmon, **Robert Wallin,** Hettinger, N. D., for Plaintiff and Appellant.

**Woods, Fuller, Shultz & Smith,** and **H. L. Fuller,** Sioux Falls, for Defendants and Respondents.

KNIGHT, Circuit Judge. This is an appeal from a judgment of the Circuit Court, based upon a verdict directed for the defendants at the conclusion of the evidence of plaintiff.

Plaintiff sustained injuries to his left wrist which he alleges were proximately caused by the negligence of his brother, the defendant Glen Ford, while both were employed and under the supervision of the defendant, Oscar Davidson, foreman, on a ranch owned by the Defendant Anna Robinson.

The defendants deny negligence on the part of Glen Ford, and plead the fellow servant rule and assumption of risk, SDC 17.0202, and also contributory negligence.

About 6:30 in the morning of September 16, 1954, while waiting for direction from Davidson as to the work to be done by him, plaintiff went to the north side of a "Chevy" pickup which was facing west, and was backed up against a granary under a window, through which Glen Ford was shoveling oats. Glen soon climbed out of the window, and into the cab of the pickup, and started to drive away, but the ground was muddy, and after moving but a few inches "the wheels spun," and Glen started "rocking the truck back and forth," while plaintiff watched from where he was standing, near the right hand door of the pickup. Plaintiff said, "It looks like you are stuck. Do you need help?" Glen looked at plaintiff and nodded. Plaintiff, without again looking at Glen or knowing whether or not Glen was looking at him, went to the back of the pickup. There was not room for him to get between the granary and the pickup. Standing "alongside" he placed his left arm in a horizontal position with the palm of his hand on the corner of the pickup bed, and with his right hand "About a foot and a half on the right-hand side of the bed in front of the back end," he braced himself and pushed. Glen started the pickup forward, then suddenly, without warning, the pickup came back and shoved plaintiff's arm against the granary, injuring his left wrist. Glen did not stop but kept "working" the pickup until he got it out, and drove away. About that time the foreman came and plaintiff went with him, serviced a tractor, and went with a haystack mover to bring in some hay before telling the foreman of his injury.

There is no evidence tending to show that Glen Ford knew, or should have known, or was able to see, or should have anticipated that plaintiff would or did place himself or his arm in a position which would or did result in injury. Plaintiff was not behind the pickup, and Exhibit 2, a photograph of the pickup put in evidence by plaintiff clearly shows that it would have been impossible for Glen to see the position of plaintiff's arm.

■■ No testimony, other than that of plaintiff, was submitted as to the circumstances culminating in his injury. Under a familiar rule, frequently enunciated, we view this

testimony in the light most favorable to him; however, he is bound by his own statement of the undisputed facts and can not make a stronger case than his testimony establishes. He can not claim the benefit of a version of relevant facts more favorable to his contentions than he has given in his own testimony. Miller v. Stevens, 63 S.D. 10, 256 N.W. 152; Harris v. Midwest Oil Company, 67 S.D. 300, 292 N.W. 397; Lenker v. Musilek, 75 S.D. 60, 59 N.W.2d 417; Annotation in 169 A.L.R. 798.

■ Under the circumstances disclosed, we may assume that defendant was required to use ordinary care, but as stated in Fetzer v. Aberdeen Clinic, 48 S.D. 308, 204 N.W. 364, 367, 39 A.L.R. 1423, it is an " 'unbending rule that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen.' "

■ " '* * * it is generally held that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongfulf act, and that it ought to have been foreseen, in the light of the attending circumstances.' " Louiseau v. Arp, 21 S.D. 566, 114 N.W. 701, 703, 14 L.R.A., N.S., 855.

■ If it be assumed that reasonable men could find from the evidence that Glen failed to use ordinary care under the circumstances, still plaintiff cannot recover if his own negligence, more than slight, was a contributing proximate cause of his injury. Ulrikson v. Chicago M., St. P. & P. R. Co., 64 S.D. 476, 268 N.W. 369; Friese v. Gulbrandson, 69 S.D. 179, 8 N.W.2d 438; Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786; Haase v. Willers Truck Service, Inc., 72 S.D. 353, 34 N.W.2d 313; Flanagan v. Slattery, 74 S.D. 92, 49 N.W.2d 27.

■ One may not unnecessarily place and maintain himself in a dangerous position and then require others who fail to discover his peril to respond in damages. Haase v. Willers Truck Service, Inc., supra, citing Dragotis v. Kennedy, 190 Minn. 128, 250 N.W. 804; Descombaz v. Klock,

58 S.D. 173, 235 N.W. 502; Staib v. Tarbell, 65 S.D. 304, 273 N.W. 652; 38 Am.Jur., Negligence, p. 859.

 The foundation of liability for negligence is knowledge of the peril which subsequently results in injury. In determining whether negligence on the part of an injured plaintiff is more than slight, thus removing his case from the application of the comparative negligence statute, it is proper to consider the comparative knowledge of the parties as to the existence of facts or circumstances resulting in peril. Under the evidence in this case, the plaintiff is not entitled to recover if, at the time of the injury, his knowledge of the danger surpassed that of the defendant Glen Ford. 38 Am.Jur., Negligence, §§ 23 and 185, and cases cited.

Plaintiff could have pushed from several positions on the right side of the pickup without placing his arm in peril. He had previously driven the pickup and when stuck, he would ordinarily "rock" it as he knew Glen was doing. If the position in which he placed his arm was, under the circumstances, one of danger, such danger was much more obvious to him than to Glen.

 We conclude that plaintiff was quilty of contributory negligence as a matter of law. An examination of all assignments discloses no error. A discussion of other pleaded defenses is unnecessary.

The judgment is affirmed.

All the Judges concur.

Knight, Circuit Judge, sitting for RENTTO, J., disqualified.