Froessel, J.
Plaintiff, while visiting at the apartment of friends in a two-story building owned by defendant, fell down a flight of stairs and sustained the injuries of which she complains in this action. She testified that she had been watching a picture on television and got up “ in a rush ” to go to the bathroom. The living room was dark at the time except for the light from the television screen, and she went through the wrong *334 opening, thus falling down a flight of stairs, which was not equipped with a light or handrail. The jury returned a verdict of no cause of action, and her complaint was accordingly dismissed.
The failure of defendant to provide a light and handrail for the staircase is said to be in violation of the State Building Construction Code (§§ A 105-5, A 205-6, A 205-7), promulgated by the State Building Code Commission under the provisions of section 374, article 18, of the Executive Law. The Village of Mamaroneck, in which defendant’s building is located, accepted the construction code in accordance with the provisions of section 374-a of the Executive Law, thereby making it applicable to defendant’s premises (see McKinney’s Cons. Laws of N. Y., Book 18, Executive Law, § 374-a, 1959 Supp., pp. 50-51). Plaintiff, therefore, contends on this appeal that the trial court erred when it charged the jury that this action was in ‘1 negligence ”, and that in order for plaintiff to recover she must establish her freedom from contributory negligence. She claims that violation of the aforesaid code “ is conclusive evidence of negligence ”, and that “ contributory negligence ” is not “ a bar to recovery”.
In support of her position, plaintiff relies upon our decision in Koenig v. Patrick Constr. Corp. (298 N. Y. 313). There, defendant failed to provide a safety device — in contravention of section 240 of the Labor Law — for a ladder which the plaintiff workman was directed to use in the course of his work. We held that the resulting injury to the workman gave rise to a statutory liability, to which contributory negligence could not be asserted as a defense. We stressed that section 240 of the Labor Law, from which the statutory liability derived, provided that “ the employer or one directing the work ‘ shall furnish ’ or cause to be furnished equipment or devices 1 which shall be so constructed, placed and operated as to give proper protection ’ to the one doing the work ” (p. 318). As a result of this forceful expression of the legislative mandate, we concluded that a “ flat and unvarying duty ’ ’ was imposed upon employers, or those directing the particular work to be done (ibid.). In other words, their violation of the statute was conclusive evidence of negligence, and constituted a statutory liability irrespective of an employee’s contributory negligence.
*335 By way of contrast, section 370 of the Executive Law, which sets forth the legislative 1 ‘ findings and purposes ’ clearly shows that the primary purpose of the formulation of a building construction code was not to impose an unvarying duty for the protection of a particular class against a defined hazard, but rather to provide ‘ ‘ basic and uniform performance standards ’ thereby reducing excessive construction costs which the Legislature found threatened “ the health, safety, welfare, comfort and security of the people of the state”. Section 375 of the Executive Law prescribes standards for the code following closely the purposes described in section 370 (see particularly subds. 3 and 5 of § 375).
Thus it cannot reasonably be said that the statute “ discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise ‘ which would not exist but for the statute. ’ (Shepard v. Taylor Pub. Co., 234 N. Y. 465, 468.) ” (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 305; emphasis supplied.) Or, in the language of the Koenig case (supra), a “ flat and unvarying duty ” is not made “ crystal clear” by the language of the Executive Law (see 298 N. Y., p. 318).
Another aspect of our reasoning in the Koenig decision is also significant on this appeal. The Labor Law was designed to afford the workman protection against the unavoidable hazards of his occupation. The workman, we noted, “ usually ha[s] no choice but to work with the equipment at hand, though danger looms large” (298 N. Y., pp. 318-319). These elements of unavoidable hazards and lack of choice, and the occupational context of plying a livelihood, which figured so prominently in our decision in Koenig, are absent in the instant case. The sphere in which the Executive Law operates and the conditions which it purports to remedy cannot be so construed.
Were we to hold otherwise in this case, and fashion the liability for which plaintiff contends, we would be setting precedent for manifold statutory liabilities not only as to violations of the Executive Law but as to violations of countless other statutes as well, such as by way of illustration, the Vehicle and Traffic Law. There would be danger indeed that our common law of negligence would be substantially recast.
*336 In. addition to the foregoing, a second and equally important reason is here present which compels the denial of plaintiff’s claim. Defendant is charged with having violated rules prescribed by the State Building Code Commission, adopted by the Village of Mamaroneck. It is well established that such a violation cannot give rise to statutory liability without regard to negligence (Schumer v. Caplin, 241 N. Y. 346; Teller v. Prospects Heights Hosp., 280 N. Y. 456, 460). The Schumer case declares that a liability without regard to negligence can derive only from a statute duly enacted by the State Legislature. The rules of an administrative body or even the ordinances of a municipality lack the force and effect of a substantive legislative enactment. This principle is a salutary one. If the Legislature desires to change the prevailing rules of the common law, it must do so itself and not by virtue of authority delegated to a subordinate rule-making body. The State Commission, under section 377 of the Executive Law, is empowered to modify, amend or repeal its rules and regulations. As we noted in the Schumer case, ‘ ‘ This cannot be done with a statute. A constitutional statute, once passed, cannot be changed or varied according to the whim or caprice of any officer, board or individual. It remains fixed until repealed or amended by the Legislature ” (241 N. Y., p. 351).
The fact that the Legislature in the Executive Law has delegated the rule-making power to the State Commission only because of practical necessity (see § 370, last par.) does not help plaintiff. ‘ ‘ A legislative declaration that a rule has the force and effect of law does not make it so, if by that is meant that it is the equivalent of or equal to a legislative enactment. The Constitution of the State commits to the Legislature alone the power to enact a statute ” (Schumer v. Caplin, supra, p. 351). It is only to such an enactment that liability without regard to negligence may attach.
For the foregoing reasons, the defendant’s violation of the provisions of the building code did not subject it to absolute statutory liability. The failure to comply, in the instant case, was, as the trial court correctly noted in its charge, simply some evidence of negligence which the jury could take into consideration with all other evidence on the subject (Teller v. Prospect Heights Hosp., supra, pp. 460-461; Schumer v. Caplin, supra, *337 pp. 351-352, collecting cases). Accordingly, the judgment appealed from should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
Judgment affirmed.