JUIDICI *v.* FORSYTH TOWNSHIP.

NEGLIGENCE—VIOLATION OF SAFETY REGULATIONS FOR PUBLIC ASSEMBLY—EVIDENCE.

> Judgment for plaintiff in action by evening wedding guest against township and voluntary association operating clubhouse located on township property for injuries received as he went through unmarked fire exit door on second floor of clubhouse and fell 18′ to the ground, in which action the trial court had instructed jury that violation or disobedience of a statute is conclusive evidence of negligence, is affirmed, the Supreme Court being divided as to whether violation of safety rules promulgated by a State agency pursuant to statute are conclusive evidence or merely evidence of negligence (CL 1948, § 29.3; 1954 AC, §§ R 28.104, subd [g], R 28.107).

Appeal from Marquette; Rushton (Carroll C.), J. Submitted February 5, 1964.  (Calendar No. 37, Docket No. 50,299.)  Decided May 4, 1964.

Case by Raymond L. Juidici against Forsyth Township and The Gwinn Association, an unincorporated volunteer association, for personal injuries sustained in fall on property from unmarked emer-

REFERENCES FOR POINTS IN HEADNOTE
38 Am Jur, Negligence § 170.

gency fire exit. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Baldwin & Kendricks* (*George T. Kendricks,* of counsel), for plaintiff.

*Strom, Hoehn & Shipman,* for defendants.

Black, J. September 13, 1958, an evening wedding reception (manifestly of local celebrity) was held on the second floor of the Forsyth Township Community "clubhouse" in Marquette county. The "clubhouse" is located on land owned by the defendant township. It is managed and supervised by defendant Gwinn Association, an unincorporated voluntary association consisting of "all the residents of Forsyth township."

Plaintiff, one of some 300 invited guests, arrived with his wife and 2 other ladies at about 9 p.m. He testified: "The first thing when I got there I went and had a beer * * * and I ate and I come out of there and had a dance with Elna Willig * * * with my wife after that; I had 2 dances * * * we decided to get a pint [plaintiff and 2 friends] * * * we went directly back * * * I opened the bottle and Dominic and I had a drink * * * there was a bunch singing and I got in there and sang * * * I saw Bruno Maki * * * he asked if he could have one [drink] and I said, 'sure,' and he pulled that door open and I stepped out * * * that's where I stumbled, there was a step there, and I tried to grab myself but it was too late, I went right over * * * I tried to grab the railing, leaned over and tried to grab it, and I was too far gone, and then I covered my head and the last I remember I hit down on 1 shoulder."

What plaintiff did was this: He went out through a fire escape door to a fire escape platform "4 feet

square." He pitched over a fire escape rail "37 inches" high, to the ground 18 feet below.

This suit for negligence resulted. Trial to court and jury resulted in verdict and judgment for plaintiff in the sum of $9,000. Defendants appeal.

Plaintiff stressed below and stresses here certain undisputed facts. They are that when he stepped through the fire escape doorway, and fell over the rail, there was no exit sign over or near the interior of the door; that a red electric bulb immediately above the door was out; that an exterior white light which operated simultaneously with the red light was also out.

The fire escape and door had been installed a year earlier by legal directive of the State fire marshal. The fire escape itself had been obtained from "one of the schools in Ishpeming that was being demolished."

It having been shown that the defendants had violated fire safety rules 4(g) and 7,[1] such rules having been duly promulgated by the commissioner of State police under the statute[2] considered in the *Douglas Case* (discussed *infra*), the trial judge instructed the jury as follows:

"I further charge you as to the negligence of the defendants that a violation or disobedience of a statute is, in this State, conclusive evidence of negligence. In other words, if you find that the defendants, or either of them, failed to carry out rules as to public assemblage which I have stated, then that is negligence on the part of said defendants."

Assuming that the then 4-2 majority opinion of *Douglas* v. *Edgewater Park Co.*, 369 Mich 320, is acceptable as authoritative, the quoted instruction constituted reversible error. And since that opinion

---

[1] 1954 AC, §§ R 28.104, subd (g), R 28.107.—REPORTER.
[2] CL 1948, § 29.3 (Stat Ann 1961 Rev § 4.559[3]).—REPORTER.

receives the approval of a presently seated majority, it is fair to say that the *Douglas Case* was decided in February of 1963, some 13 months after submission here and some 8 months after this Juidici case was tried, and it is not to be supposed that counsel or Judge Rushton knew at the time of trial that *Douglas*—with its relevant question—had been submitted. In any event, and since I was outvoted in *Douglas* and now am correspondingly outvoted, I reluctantly apply the majority opinion of *Douglas* and join in holding that the instruction above calls for reversal.

No other presented question is apt to arise on retrial. The issues of negligence, causation and contributory negligence were upon the proofs exclusively for the jury. So far as plaintiff's alleged contributory negligence is concerned, I hold that anyone attending a public assembly controlled as to public safety by such legally adopted regulations is—drunk or sober—entitled reasonably to depend on faithful performance of such regulations. Thus the question of this plaintiff's contributory negligence was not a question of law.

Reversed and remanded for new trial. No costs are awarded, the *Douglas Case* having been handed down subsequent to this 1962 trial.

SOURIS, J., concurred with BLACK, J.

SMITH, J. (*concurring in reversal*). I concur in the results because in *Douglas* v. *Edgewater Park Co.*, 369 Mich 320, this Court decided, among other things, that violations of duties imposed by regulations governing places of public assemblage promulgated by the commissioner of Michigan State police are evidence of negligence.

DETHMERS, KELLY, and ADAMS, JJ., concurred with SMITH, J.

O'HARA, J. (*concurring in reversal*).   I concur with Mr. Justice BLACK and write separately only to indicate my persuasion that the rule enunciated in *Douglas* v. *Edgewater Park Co.,* 369 Mich 320, should not obtain in our State.

Where public safety regulations are established by quasi-judicial bodies—that is State boards and commissions acting under valid legislative empowerment—I believe such regulations should have the same force as a legislative enactment itself.

*Douglas, supra,* should be expressly overruled and Judge Rushton's instruction then would have correctly stated the applicable law.

KAVANAGH, C. J., concurred with O'HARA, J.