NICHOLS, Appellant v. MORKERT, Respondent

(182 N.W.2d 324)

(File No. 10686. Opinion filed January 4, 1971)

Rehearing denied February 17, 1971.

**William M. Rensch,** Rapid City, for plaintiff and appellant.

**Whiting, Lynn, Jackson, Freiberg & Schultz,** Rapid City, for defendant and respondent.

PER CURIAM.

This action was brought by Eva Nichols, plaintiff, against Lonna Morkert, defendant, to recover damages for personal injuries allegedly sustained when the automobile that plaintiff was operating was struck in the rear, while stopped for a traffic light, by an automobile driven by defendant. Plaintiff was involved in two prior automobile accidents in which she sustained injuries to her neck. She claimed that an aggravation of her existing disabilities was compensable.

Plaintiff at the close of the evidence moved for directed verdict on the issue of liability on the ground "that reasonable men could only conclude that the accident resulted from the negligence of the defendant in not having her car under proper control, considering the road conditions then and there present." The motion was denied and the court submitted the case to the jury which returned a verdict for the defendant. Plaintiff appealed from the judgment entered thereon and assigns as error denial of the motion for directed verdict.

The accident occurred December 28, 1968, at about 8:30 a. m. at the intersection of Mt. Rushmore Road and St. Patrick Street in Rapid City. The plaintiff, operating her car on the Mt. Rushmore Road, brought her car to a stop at the intersection in compliance with a traffic light. The streets were icy and there was a light covering of snow. Defendant on cross-examination testified: "Q Tell us then, what happened, as you approached the accident intersection. A Well, I could see that the light was red, and I knew it was extremely slick, and I—the thought ran through my mind that I better start pumping my brakes or I am not going to get stopped in time, and it was a half a block before the intersection, when I started pumping my brakes, and my car started slowing down gradually, and I kept pumping them, and my car kept slowing down, and, to me, it seemed like it was going to stop, and I wasn't even concerned, and at the moment of impact, I was just surprised because I had come to almost a stop, but I was still going before I—I mean, I couldn't quite come to a complete stop, before I hit the car, but I had slowed down enough where it just seemed to me that I was going to stop any second, but I didn't. Q Would you—What would you estimate your speed at the time that

you actually collided with the car in front of you? A * * * I would say between three and five miles an hour—would be my guess." There appears a slight dent in the front bumper detached from defendant's car and received in evidence, where it came in contact with the trailer hitch on plaintiff's car.

The icy condition of streets was known to the operator of each vehicle and they were charged with the duty of exercising the care and caution proportionate to the dangerous condition. Cordell v. Scott, 79 S.D. 316, 111 N.W. 2d 594. The mere fact that an automobile slides or skids on a slippery highway or street does not in itself constitute negligence on the part of the driver. Zeigler v. Ryan, 65 S.D. 110, 271 N.W. 767; Jacobson v. Coady, 77 S.D. 1, 84 N.W.2d 1; Boyd v. Alguire, 82 S.D. 684, 153 N.W.2d 192. The court fully instructed the jury on negligence, proximate cause and burden of proof.

We have carefully considered the record and conclude that rule here applies where the evidence is such that reasonable men may draw different conclusions therefrom, the question of liability is for the jury.

Judgment affirmed.

RENTTO, P. J., and HANSON and HOMEYER, JJ., concur.

BIEGELMEIER, J., dissents.

WINANS, J., not participating.

BIEGELMEIER, Judge (dissenting).

On Rapid City streets that were a "glare of ice" and "extremely slick", defendant motorist in daylight saw a car stopped at a red traffic light (a block ahead) and proceeded on at such speed that despite her claim of pumping the car brakes for half a block, she was unable to stop her car and so ran into the rear of the car ahead as it stood at the red traffic light. This is the undisputed testimony of the defendant. On these facts defendant was negligent as a matter of law and the trial court should have so concluded and ad-

vised the jury. I cannot concur in the per curiam opinion which declares the stated conduct was not negligence as a matter of law as it is neither pragmatic nor in accord with the law as expressed in our cases and those of other courts.

It is made the duty by statute that all vehicular traffic "shall stop * * * before entering the intersection and shall remain standing until green or 'go' is shown". SDCL 32-28-4. This command is a safety statute, the violation of which is negligence as a matter of law and not merely evidence of negligence. Cowan v. Dean, 81 S.D. 486, 137 N.W.2d 337; Blakey v. Boos, 83 S.D. 1, 153 N.W.2d 305. "The statute * * * becomes the standard of care or the rule of the ordinarily careful and prudent person." McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485. When the standard is thus fixed and its measure defined, the omission of that duty is negligence in and of itself. Descombaz v. Klock, 58 S.D. 173, 235 N.W. 502, and see the many other cases cited in Albers v. Ottenbacher, 79 S.D. 637, 116 N.W.2d 529. Of course that duty required defendant to stop her car behind a car which was complying with the statute and standing in plain sight at the stop light. McDonnel v. Lakings, hereafter discussed. Nor did any of the four categories set out in Albers exist to excuse defendant's compliance with the express command of the cited statute, it is just a plain fact she did not have her car under control so she could stop.

Some testimony of defendant additional to that in the court's opinion that shows she was driving too fast to stop her car was:

"A.  Well, I left home * * * it was extremely slick; it was just a glare of ice * * when I got a **block** from the stop light * * * I saw that it was red, and **I could see her car** parked there—or **stopped for the red light** * * * I started slowing down * * * I just didn't stop, and I hit the back of her car * * * I got out, and she got out of her car * * * I asked her if * * * I had done anything to her trailer hitch * * then the light * * * turned green ** * so we both got in our cars and left." (Emphasis supplied)

The conduct of defendant being shown by her own testimony without dispute, it was for the court to determine whether it met the standard and declare it by an instruction that defendant was negligent as a matter of law and not permit the jury to conclude otherwise. That the trial judge was inclined to this view is shown by his statement to counsel that "I might say, in some ways, it seems quite clear, and I'd almost anticipate the jury wouldn't have much difficulty finding negligence, but I don't know as I could, as a Court, take that question out of their hands."

In the per curiam at one place it is first stated "The icy condition of streets was known to the operator of each vehicle". With this I agree as this was an undisputed fact; the sentence then continues "and they were charged with the duty of exercising the care and caution proportionate to the dangerous condition" citing Cordell v. Scott, 79 S.D. 316, 111 N.W.2d 594. The Cordell opinion was the only one mentioned in the trial court when plaintiff's motion was discussed. First, it is not in point. In Cordell defendant

> "proceeded south on North Broadway. * * * The streets in Watertown were generally icy, **but the southbound lane** on North Broadway **was clear.** When defendant was about a half block north of the Fourth Avenue intersection he first observed the DeVille car. It was headed south in his lane of travel. Defendant thought it was moving. When he was about three car lengths away he noticed the De Ville car was standing still (which had stopped there to make a left turn—no stop sign or traffic light was involved). Defendant was then traveling about 15 miles per hour. * * * defendant applied his brakes and without success attempted to turn right. (But because of the ice at the intersection) The application of brakes caused defendant's car to skid and the collision followed." (Emphasis supplied)

The above quotation shows the facts are entirely different than here. Then too, the only question there raised was the giving of an instruction on unavoidable accident.

Second, I am at a loss to understand why the court should say "they" were charged with any duty, as surely plaintiff could do nothing while she sat in the car while it was stopped at the stop light. All persons operating motor vehicles are bound to obey the rules of the road as expressed by our statutes. That is the thesis I contend for, but plaintiff owed no duty after she brought her car to a stop.

Our opinion in McDonnel v. Lakings, 78 S.D. 195, 99 N.W.2d 799, is controlling. There when plaintiff was 50 feet from the stop sign it turned from green to red, and he brought his auto to a stop at the intersection and about five seconds later his auto was hit in the rear by a truck driven by defendant.

After quoting Ch. 170, Laws of 1955, now SDCL 32-26-40, the court wrote:

"It was the duty of the plaintiff to stop and it was the duty of the defendant to so operate his vehicle and to have it under such control as to be able to conform to the stop sign and stop a sufficient distance behind plaintiff's car so as to avoid a rear end collision."

That opinion cites several decisions in support of that opinion and they are not repeated here. Doleman v. Burandt, 160 Neb. 745, 71 N.W.2d 521, where the highway was icy is in accord. "The undisputed evidence is that the plaintiff's automobile * * * was standing still on the highway. * * * 'the defendant (by his own testimony) was guilty of negligence as a matter of law' ". Many other rear end collision cases declaring such conduct negligence as a matter of law are to be found in 85 A.L.R.2d 630. As the collision "would not have occurred except for the negligence of the defendant driver" (May v. Lemmon, 1970, 287 Minn. 158, 177 N.W.2d 298), the court should have granted plaintiff's motion.

In my opinion the court is departing from its prior holdings and adopting a rule not consonant with practical application. Hence, I must dissent.