KUBIK, Respondent
v.
FARMERS UNION OIL CO. OF RELIANCE, Appellant

(209 N.W.2d 551)

(File No. 11179. Opinion filed July 27, 1973)

Petition for rehearing denied September 6, 1973

**Morgan & Fuller**, Mitchell, for defendant and appellant.

**Johnson & Johnson**, Gregory, for plaintiff and respondent.

HANSON, Justice.

This is an action for damages for personal injuries alleged to have been sustained by plaintiff, Joe Kubik, while loading a bottle of propane gas into his pickup from the loading dock of the defendant, Farmers Union Oil Company of Reliance, South Dakota. A verdict was rendered in favor of plaintiff and defendant appeals from the judgment and order denying its motion for judgment notwithstanding the verdict.

Plaintiff Kubik is a 46-year-old farmer and rancher. On November 28, 1969 he purchased a tire at the Farmers Union Oil Company in Reliance. After the sale was completed LeRoy Wagaman, the only employee on duty, asked plaintiff if he would deliver a tank of bottle gas to a customer who lived on his way home. Plaintiff agreed to perform this service. Wagaman told plaintiff there was a full tank on the dock back of the Oil Company.

Plaintiff backed his pickup truck up to the loading dock at an angle and lowered the endgate so it partially rested on the dock. The tank was sitting on a scale on the loading platform. Instead of standing on the dock plaintiff stood on the ground and reached for the tank. As he did so the tank slid off the scale, struck the endgate of the pickup and then landed on and injured his right foot. Plaintiff then lifted the tank into the truck and delivered it to the neighbor lady on his way home.

The gas tank was approximately four feet high, twelve to fourteen inches in diameter and weighed between one hundred sixty-eight to two hundred forty-eight pounds. Such tanks are normally handled by one person.

The loading dock or platform was constructed of heavy wooden planks and was approximately nine by fourteen feet in size. The scale was level with the top of the loading dock. There was a pole with electrical outlets near the dock.

Plaintiff alleged the proximate cause of his injury was the defendant's failure (1) to take reasonable steps to protect the plaintiff as an invitee from injury, (2) to maintain a safe loading dock or to warn plaintiff of its slippery and dangerous nature, (3) to send an agent to go with plaintiff and assist him or warn him of any dangers, and (4) defendant's negligence in indicating to the plaintiff that the tank could be safely and simply loaded by him alone. Defendant's primary assignment of error is that the evidence is insufficient to establish any actionable negligence on the part of the Oil Company.

In loading and delivering the tank for the Oil Company plaintiff was serving without pay or expectation of reward. As such he was a gratuitous employee. Platt v. Meier, 83 S.D. 10, 153 N.W.2d 404; Schmeling v. Jorgensen, 77 S.D. 8, 84 N.W.2d 558; Sec. 225 Restatement 2nd, Agency. The employer in this case was not an insurer of plaintiff's safety nor responsible under the provisions of the Workmen's Compensation Act. In establishing a prima facie case the burden was on plaintiff to prove some alleged act of negligence on the part of defendant.

There was no evidence that defendant did not furnish a reasonably safe place to work and there also was no evidence the employer had actual or constructive knowledge of any unsafe conditions. No defect was shown to exist in the construction or manner of use of the loading dock. The only possible dangerous condition was plaintiff's statement that the bottom of the tank "had ice on it" and there was snow on the ground. However, he admitted that while there was some frost on the dock it had been swept off.

The undisputed testimony shows that loading the gas tanks was a one-man job. Plaintiff's testimony verifies this as he admitted he was familiar with tanks of this nature, had handled them before, loading them was a one-man job, and he did not request help to load the tank off the dock. His testimony in this regard is as follows:

"Q. And you have used propane gas for some time before 1969?

A. Oh, yes.

Q. You were familiar with these bottle tanks of propane, weren't you, Mr. Kubik?

A. Yes, we used them and I used them also for branding cattle.

Q. Those are what you call a one hundred pound tank?

A. Yes.

Q. Actually, the container, the cylinder itself weighs close to a hundred pounds itself, doesn't it?

A. Yes, or more.

Q. It will average a hundred pounds in there, won't it?

A. Yes.

Q. And when it is full, they fill it to hold an additional one hundred pounds of fuel, right?

A. Yes.

Q. So a full tank will weigh right at two hundred pounds?

A. I suppose.

Q. And you knew this on November 28th, 1969, didn't you?

A. Yes.

Q. You were familiar with the handling of these tanks, weren't you?

A. Yes, I was.

Q. You had used them on your place, hadn't you?

A. Yes.

Q. I think you said you used them for branding, did you mention that?

A. Yes.

Q. And also did you use them for cooking, you had in in the past?

A. Yes, I had in the past.

Q. Then we are talking about those same kind of cylinders you were handling November 28th, 1969?

A. Yes.

Q. Same size and shape?

A. Yes.

\* \* \* \* \* \*

Q. When Mr. Wagaman asked you if you would do that, you said that you would, is that right?

A. I said I suppose I can, I go right past there.

Q. He told you it was back on the loading dock?

A. Yes.

Q. Did you ask him to come back and help you load it?

A. No, I don't believe I did.

Q. You had handled those many times yourself alone, hadn't you?

A. Yes.

Q. Normally, when you handled one of those, you handled it by yourself, didn't you, Mr. Kubik?

A. Not always.

Q. Not always, but normally?

A. Yes, you take and slide them into the pickup or slide them in or lay them down.

Q. It is a one-man job?

A. One man can do it.

Q. You went out there and you knew what you were going to do to load the tank, didn't you?

A. Yes.

Q. And you didn't ask Mr. Wagaman to come and help you, did you?

A. No, I don't believe I did."

■ The plaintiff is bound by his own statement of the facts and cannot make a stronger case than his testimony establishes. Ford v. Robinson, 76 S.D. 457, 80 N.W.2d 471; Harris v. Midwest Oil Co., 67 S.D. 300, 292 N.W. 397.

■ The defenses of contributory negligence, assumption of risk and the fellow-servant rule are available to defendant. Platt v. Meier, 83 S.D. 10, 153 N.W.2d 404. To recover in actions of this nature two conditions must coexist, (1) fault on the part of the employer and (2) freedom from contributory negligence on the part of the employee. McKeever v. Homestake Mining Co., 10 S.D. 599, 74 N.W. 1053. Defendant contends in this respect the evidence, as a matter of law, shows plaintiff was contributorily negligent and assumed the risk involved, if any.

■ Plaintiff cannot be considered as an "inexperienced employee" in view of his familiarity and prior handling of gas tanks of the same kind involved. Nor was the task of loading the tank from the dock into the pickup complicated or inherently dangerous. Therefore, the rules relating to those special conditions and circumstances have no application.

Instead of getting on the dock and rolling the tank into the pickup, as ordinarily done, plaintiff attempted to load the tank while standing on the snowy ground near the dock. Under the circumstances plaintiff voluntarily and knowingly assumed the ordinary risk incidentally involved. If the snow and frost increased the risk, he had notice and knowledge of those conditions. As stated in Starnes v. Stofferahn, 83 S.D. 424, 160 N.W.2d 421, " * * * an employer is not bound to warn and instruct his employee as to defects and dangers which are open and obvious. A danger is considered as within the rule where it ought to have been apparent to the senses of a person of ordinary intelligence, or where it is as easily discernible by the employee as by the employer, or where it is discoverable in the exercise of that reasonable care which persons of ordinary intelligence may be expected to take for their own safety."

We conclude that the evidence is insufficient to show actionable negligence on the part of the defendant employer and, as a matter of law, plaintiff assumed the risk incident to the task involved. There is, therefore, no need to discuss other alleged errors.

Reversed.

BIEGELMEIER, C. J., and WINANS and WOLLMAN, JJ., concur.

DOYLE, J., absent.